UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

LISA BEELER,                    )
                                )
        Plaintiff               )
                                )
v.                              )    No. 2:09-cv-649-GZS
                                )
MICHAEL J. ASTRUE,              )
Commissioner of Social Security,)
                                )
        Defendant               )

## REPORT AND RECOMMENDED DECISION[1]

The plaintiff in this Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal contends that the administrative law judge erred in finding that the plaintiff could return to her past relevant work because the residual functional capacity ("RFC") that he assigned to her was inconsistent with that work and because that RFC did not include any limitations from the severe impairment of right shoulder tendonitis that he found to exist. I recommend that the court vacate the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff suffered from degenerative disc disease of the lumbar spine, right shoulder tendonitis, and chronic obstructive

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on September 17, 2010, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

pulmonary disease, impairments that were severe but which did not, considered singly or in combination, meet or medically equal the criteria of any impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 3-4, Record at 18-19; that she had the RFC to lift or carry up to 10 pounds frequently and 20 pounds occasionally, sit for at least six hours in an eight-hour workday, stand or walk for at least four hours in an eight-hour workday, and balance, stoop, kneel, crouch, and climb ramps and stairs occasionally, with a sit/stand option, but not climb ladders or tolerate more than moderate exposure to fumes, dusts, and gases, Finding 5, *id.* at 19; that, given her age (34 on the date of alleged onset), at least a high school education, and RFC, the plaintiff was able to perform her past relevant work as a cashier, Findings 6-8, *id.* at 21; and that she, therefore, had not been under a disability, as that term is defined in the Social Security Act, at any time from the alleged date of onset through the date of the decision, Finding 9, *id.* at 22. The Appeals Council declined to review the decision, *id.* at 6-8, making it the final determination of the commissioner, 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 4 of the sequential evaluation process, at which stage the claimant bears the burden of proof of inability to return to past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). At this

step, the commissioner must make findings of the plaintiff's RFC and the physical and mental demands of past work and determine whether the plaintiff's RFC would permit performance of that work. 20 C.F.R. §§ 404.1520(f), 416.920(f); Social Security Ruling 82-62, reprinted in *West's Social Security Reporting Service* Rulings 1975-1982 ("SSR 82-62"), at 813.

## I. Discussion

### A. Step 4

The plaintiff contends that the RFC assigned to her by the administrative law judge is fatally inconsistent with his conclusion that she could return to her previous relevant work. Plaintiff's Itemized Statement of Error ("Itemized Statement") (Docket No. 12) at 3-5. This is so, she asserts, because the administrative law judge found that her RFC was for light work, and, even though the vocational expert testified that the plaintiff's past relevant work as a cashier had been at the light level, in at least one instance, Record at 395, her report had been that each of two relevant cashier jobs had actually been at the medium or heavy exertion level.

The vocational expert referred to three cashier jobs: one from August of 1989 through April of 1990, which he characterized as having been performed at a light exertional level; one from February 1996 through November 1998, which he agreed was performed at a heavy exertional level; and one from December 2000 through September of 2002, to which he assigned a light exertional level, *id*. He testified first, in response to the administrative law judge's hypothetical question, which corresponded to the RFC that he ultimately assigned to the plaintiff, *compare id*. at 19 *with id*. at 396-97, that the plaintiff could return to her job as a cashier "at the Mercy, at the coffee shop" and then "well, actually cashier." *Id*. at 397. The plaintiff asserts, Itemized Statement at 3-4, that her job at the Mercy Hospital coffee shop took place from August 1989 through April 1990, Record at 395, which was more than 15 years before the date of the

3

administrative law judge's decision, September 4, 2008, *id*. at 22, making it unavailable for consideration as past relevant work, citing 20 C.F.R. §§ 404.1565(a) and 416.965(a).

However, those regulations discuss "[y]our work experience as a vocational factor[,]" and the subsection cited by the plaintiff states that

> *[w]ork experience* means skills and abilities you have acquired through work you have done which show the type of work you may be expected to do. . . . We consider that your work experience applies when it was done within the last 15 years, lasted long enough for you to learn to do it, and was substantial gainful activity. We do not usually consider that work you did 15 years or more before the time we are deciding whether you are disabled . . . applies. A gradual change occurs in most jobs so that after 15 years it is no longer realistic to expect that skills and abilities acquired in a job done then continue to apply.

20 C.F.R. §§ 404.1565(a), 416.965(a) (emphasis in original).

The regulation that more nearly applies in this instance is 20 C.F.R. §§ 404.1560(b) & 416.960(b), which provides:

> *Past relevant work.* We will first compare our assessment of your residual functional capacity with the physical and mental demands of your past relevant work.
>    (1) *Definition of past relevant work.* Past relevant work is work that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it.

It is clear, therefore, that the Mercy Hospital coffee shop job is not available for consideration as past relevant work, having ended more than 15 years before the date of the administrative law judge's decision.[2] The decision does not identify to which of the three prior cashier positions the plaintiff could return, but, by the terms of the vocational expert's testimony, the first and second of these jobs would not be available, the first because it occurred too far in the past[3] and the second because, as the plaintiff performed it, it was not light work. To be

---

[2] Fifteen years before the date of the decision would be September 2, 1993.
[3] "Normally, absent some reasonable explanation for departing from the 15 year rule, we would not uphold the denial of benefits to claimant on the ground that claimant can perform h[er] past work[.]" *Rivera-Torres v.*

4

deemed capable of returning to past relevant work, a claimant must retain the RFC to perform "the actual functional demands and job duties of a particular past relevant job." *Santiago v. Secretary of Health & Human Servs.*, 944 F.2d 1, 5 (1st Cir. 1991) (citations and internal quotation marks omitted).

The only remaining available past cashier job performed by the plaintiff is the one that took place between December 2000 and September 2002. That was a job described by the plaintiff as "cashier/sandwichmaker." Record at 59. She described the job as involving, *inter alia*, frequent lifting of 25 pounds. *Id*. at 63. This is inconsistent with light work, which involves, as the administrative law judge included in the plaintiff's RFC, occasional lifting of up to 20 pounds, and frequent lifting only of up to 10 pounds. *Id*. at 19. The record does not support the administrative law judge's conclusion that the plaintiff was capable of returning to her past relevant work as a cashier, as she performed it. She is, therefore, entitled to remand.

## B. The RFC Finding

I will briefly address the plaintiff's contention that the administrative law judge's failure to include in her RFC any limitations due to her right shoulder tendonitis also requires remand. Itemized Statement at 8-10. Specifically, she challenges the lack of manipulative limits in the RFC. *Id*. She relies on the reports of the state-agency physician-reviewers who both limited overhead reaching with her right arm. Record at 176, 243. A consultant who examined the plaintiff for the state agency also imposed this limitation. *Id*. at 171. Neither this limitation nor a limitation on pushing and pulling with the right arm, *id*. at 170, 174, 242, is included in the administrative law judge's RFC. He sufficiently stated his reasons for rejecting the consultant's

---

*Secretary of Health & Human Servs.*, 837 F.2d 4, 7 (1st Cir. 1988). No such explanation appears in the administrative law judge's opinion in this case.

5

limitations in this regard, but of the state-agency reviewers he says only that he "finds these opinions to be well supported and consistent with the record as a whole." *Id.* at 21.[4]

Contrary to the plaintiff's contention, Itemized Statement at 10, this inconsistency may represent a harmless error, because her description of the past relevant cashier job states that she spent 8 hours per workday reaching, Record at 63, but she does not say how much of this reaching was overhead with her right arm. For purposes of the commissioner's argument, however, with respect to Step 5 of the sequential evaluation process, this error must be addressed.

### C. Commissioner's Position

At oral argument, counsel for the commissioner acknowledged that an error had been made at Step 4 but argued that the denial of the plaintiff's application for benefits should nonetheless be upheld by this court because the decision at Step 5 would necessarily be that the plaintiff was not disabled, and this court should not engage in remand when remand would be an empty exercise. In *Ward v. Commissioner of Soc. Sec.*, 211 F.3d 652 (1st Cir. 2000), the First Circuit held, in a Social Security case, that "a remand is not essential if it will amount to no more than an empty exercise." *Id.* at 656. However, the exercise will be empty only if "there was an independent ground on which affirmance must be entered as a matter of law." *Id.* That standard differs significantly from the one proffered by counsel for the commissioner at oral argument: whether the *most likely* conclusion from the evidence of record is that the claimant is not disabled at Step 5.

---

[4] I reject the plaintiff's contention that, because he did not give reasons for rejecting these findings by the state-agency reviewers, the administrative law judge must have "reached his RFC conclusions based only on his lay interpretation of the raw medical data and, in doing so, substituted his lay judgment for that of the medical experts." Itemized Statement at 9. There are other explanations for this oversight, including the one most readily apparent: that the administrative law judge believed that his stated reasons for rejecting the consultant's conclusion applied equally to his rejection of the state-agency reviewers' similar conclusion.

6

The administrative law judge noted that the vocational expert testified that the jobs of telephone solicitor and information clerk would be available to a claimant with the RFC that the administrative law judge included in his hypothetical question to the vocational expert. Record at 22. Counsel for the commissioner contended that these jobs would still be available to the plaintiff if the limitations on use of her right arm that were set forth in the opinions of the state-agency reviewers were included in the RFC. Specifically, those limitations are "limit frequent overhead reaching with [right] arm," *id*. at 176, and "[a]void overhead work on the right," *id*. at 243.

The jobs at issue are telephone solicitor and information clerk. *Id*. at 22. According to the Dictionary of Occupational Titles ("DOT"), the job of telephone solicitor requires occasional reaching, § 299.357-014, Dictionary of Occupational Titles (U.S. Dep't of Labor 4th ed. rev), and the job of information clerk requires frequent reaching, *id*. § 237.367-018. Neither addresses overhead reaching, but if reaching overhead is assumed to be included in reaching generally, the information clerk job appears to be inconsistent with the first of the two omitted limitations – "limit frequent overhead reaching with [right] arm." Record at 176. When asked by the administrative law judge whether a limit to no more than occasional reaching on the right would eliminate these two jobs, the vocational expert testified that the information clerk job would be eliminated. *Id*. at 401. The vocational expert was not asked about overhead reaching.

Neither job is consistent on its face with a limitation that bans "overhead work on the right," *id*. at 243, the second omitted limitation. This court cannot act as a super administrative law judge and determine, particularly in light of the absence of expert vocational testimony on the point, that "frequent reaching" is consistent with "[a]void[ing] overhead work on the right." *E.g., Pacheco v. Astrue*, No. EDCV 09-1063(CW), 2010 WL 3488215, at *5 & n.2 (C.D. Cal.

7

Aug. 31, 2010); *Robertson v. Astrue*, Civil Action No. 1:09CV87-SRW, 2010 WL 3488637, at *2-*3 (M.D. Ala. Aug. 31, 2010).

The commissioner's fallback position, as presented at oral argument, is that the vocational expert also testified that the job of surveillance system monitor would be available to the plaintiff, Record at 401, and that this job does not require any reaching. That is an accurate description of the DOT description of the job of surveillance system monitor, DOT § 379.367-010, and the existence of a single job suitable for a claimant's RFC may be sufficient to uphold a denial of benefits at Step 5, *see, e.g., Brun v. Barnhart*, No. 03-44-B-W, 2004 WL 413305, at *5 (D. Me. Mar. 3, 2004). However, the administrative law judge did not find that this job was available to the plaintiff and did not explain why. Under these circumstances, I cannot conclude that the denial of benefits should be affirmed on this alternate ground as a matter of law.

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **VACATED** and the case remanded for further proceedings consistent with this opinion.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 17th day of November, 2010.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge